940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel SAMPEDRO, Defendant-Appellant.
 No. 90-5231.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1991.
Decided Aug. 1, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-90-162-HM)
 Mary Melissa French, Assistant Federal Public Defender, Baltimore, Md. (Argued), for appellant; Fred Warren Bennett, Federal Public Defender, Baltimore, Md., on brief.
 Ethan L. Bauman, Assistant United States Attorney, Baltimore, Md. (Argued), for appellee. Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 REMANDED.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and CLAUDE M. HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Manuel Sampedro appeals from an order of the district court denying a motion to dismiss his indictment for reentry into the United States after deportation in violation of 8 U.S.C.A. Sec. 1326 (West Supp.1991). His principal allegation on appeal is that defects in the deportation proceeding effectively precluded his right to judicial review, thus rendering the proceeding fundamentally unfair and precluding use of the result of his deportation proceeding to establish an element of the offense of reentry after deportation. Because we find that the district court failed to make findings concerning whether Sampedro intelligently waived his right to appeal, we remand to the district court for further proceedings.
 
 I.
 
 2
 Sampedro is a citizen of Spain who resided in the United States as a permanent resident alien. The Immigration and Naturalization Service issued a warrant for his deportation based upon a criminal record that included convictions for several offenses. During the deportation hearing, the immigration judge advised Sampedro that he had a right to retain an attorney, to choose an attorney from a list of free legal advisors, or to hire a legal advisor to represent him at a reduced rate. When asked if he wished to speak for himself rather than have an attorney present, he replied that he "would like to continue now." The judge further advised Sampedro of his right to apply for discretionary suspension of deportation and asked Sampedro whether he would pursue this form of relief. When Sampedro stated that he did not understand, the judge began to explain further but was interrupted when Sampedro stated:
 
 
 3
 Well, alright [sic] I understand. I would just like to say that I would like to go back to my country and maybe try to establish there something that I have not been able to establish in here. Now that I am married I think I have a chance. You know that if I do. I want to leave and see what I can do with myself for a little while in Spain and then maybe try as time goes on, see what the outcome comes of me and then maybe try to apply again and try to get back and maybe then I can have some more you know better thing to fight then, you know to come back then, to fight it then.
 
 
 4
 At the conclusion of the hearing, the judge stated to Sampedro, "[M]y decision is that you are deportable as charged ... and that you have made a knowing decision not to seek any further relief. Is that correct, sir?" Sampedro replied, "Yes, sir." Sampedro was deported to Spain but was subsequently found residing in Maryland and was indicted for reentry after deportation.
 
 
 5
 Sampedro filed a motion to dismiss the indictment, alleging that defects in his deportation hearing precluded use of the deportation order as a predicate for an indictment for an offense of reentry after deportation. At a hearing on this motion, Sampedro testified that he did not understand the deportation proceedings, did not understand that he waived his right to appeal, and had hoped to return from Spain to challenge the order. He also stated that if he had known he had a possible opportunity to remain in the United States, he would have pursued it. An immigration officer who served the warrant of deportation testified that he provided Sampedro a Form I-618 entitled "Your Appeal Rights" that was customarily included with deportation warrants and signed by aliens following the hearing in order to indicate a waiver of appeal. However, Sampedro testified that he did not receive a copy of this form, and the government was unable to produce a copy bearing Sampedro's signature. At the conclusion of the hearing, the district court denied the motion to dismiss the indictment. Sampedro then pled guilty under an agreement that preserved his right to appeal the denial of the motion to dismiss.
 
 II.
 
 6
 Sampedro claims that his deportation hearing was rendered fundamentally unfair because he did not intelligently waive his right to judicial review and was not provided a copy of Form I-618 as required by INS regulation 8 C.F.R. Sec. 242.16(a) (1991). An alien prosecuted for illegal entry following deportation may collaterally attack the underlying deportation order if the deportation hearing was fundamentally unfair and deprived him of judicial review of the deportation determination. United States v. Mendoza-Lopez, 481 U.S. 828 (1987). If an alien's waiver of the right to appeal is not considered or intelligent, he is deprived of judicial review of his deportation hearing and the order of deportation cannot be used as a basis for a conviction for reentry after deportation. Id. at 840.
 
 
 7
 Following a hearing on the motion to dismiss the indictment, the district court ruled that the deportation hearing was not fundamentally unfair and that the immigration judge fully advised Sampedro of his right to counsel and right to seek discretionary suspension of deportation. However, the court did not specifically address the issue of whether Sampedro knowingly waived his right to appeal. Because the record is not sufficiently developed, we remand to the district court with instructions to make findings regarding whether Sampedro intelligently waived his right to judicial review.
 
 III.
 
 8
 Sampedro also claims that the deportation hearing was rendered fundamentally unfair because he did not intelligently waive his right to counsel and the immigration judge did not adequately explain his right to apply for discretionary suspension of deportation. These remaining arguments are without merit.
 
 
 9
 REMANDED.